*Hitchcock, J.,
delivered the opinion of the court:
It is matter of regret with the court that this cause should have-been submitted without argument, as we consider the question involved not only important, but difficult of solution. In every case we are anxious to administer justice according to strict law; and in no class of cases would we be more scrupulously exact than in those which arise between adjoining riparian proprietors. Water power, for propelling machinery, is not abundant in Ohio; and the wants oí the public require that what there is, should be used to the best advantage. Still it is the duty of the court to see that no one, in an attempt to use or improve that which is his own, shall presume to interfere with the rights of his neighbor. Eor any injury done to the person or property of another, where the injury is immediate, upon the commission of an unlawful act, the. person injured may have an action ; and this, although the injury complained of is ideal, not real or substantial. Every entry upon the land of another, without right, is unlawful, and for such entry, the owner of the soil may have trespass, and shall recover damages, if for 'nothing else, for the treading down his grass. The-damages may be merely nominal, but inasmuch as the rights of the person trespassed upon have been violated; and this, too, by *293 ■an unlawful act, his right of action is complete. So, too, a person assaulted, although he has sustained no actual, or rather no real, ■substantial injury, may have his action. These principles are too well settled to be controverted. And they are so settled, not only that the absolute rights of a plaintiff may be secured, but that a defendant who has attempted, unlawfully, to violate those rights may be punished.
But when the act complained of is itself lawful, a different rule prevails. It is only when some actual injury is done that a right of action ensues. Every man has a right to use his own as to himself seems proper; but he must be careful so to use it that no injury is done to another. ’ Sic utere tuo ut alienum non abutere, is a maxim of universal application. Here we have the distinction between the action of trespass, properly so called, and the action of trespass on the case. *The action of trespass may be sustained where the injury complained of is immediate upon the commission of some unlawful act; trespass on the case where the injury is consequent upon the commission of an act in itself lawful. In the latter case, however, the injury must be real and .substantial.
In the case before the court, it can not be pretended that the act •of the defendant in erecting his dam, was unlawful. Nor is the injury. complained of, immediate upon the commission of that act. It ■is consequential. Under these circumstances the action is well conceived. It is trespass on the case for a nuisance.
What, then, are we to understand by the term nuisance ? Perhaps it is as well defined in 3 Petersdorff’s Com. Law, 550, as in any of. the books. It is there said that “ the term nuisance signifies anything that causes hurt, inconvenience, annoyance, or damage.” If a thing complained of, causes neither of these, it is difficult to discover upon what principles it can be called a nuisance. But if it causes cither in the least degree, the person creating it' must be answerable for consequences. No matter how small the damage, the person sustaining it will have a right of action. But there must have been some damage in fact, not merely in imagination. These were the considerations which influenced the court in the charge to the >ry-
A similar principle is held by the Supreme Court of the State of New York. 3 Caine, 307. In that case, however, the court go much further than is necessary to justify the charge in the case now be *294 fore us. Every riparian proprietor of land has a right to the use^ of the water flowing in the river, so long as it flows adjacent to his-land. Rut he must so use it as not to injure an adjoining proprietor, either above or below him. For any such injury he will be answerable. But to subject him to an action, the injury must be-material, substantial. Such is the principle as laid down by Chancellor Kent, in his Commentaries (vol. 3, pp. 53, 54). And it is a. principle consistent with reason and common sense. It may be difficult, in some cases, to ascertain whether the injury be material;, but it is a question proper for the consideration of a jury.
*There is another consideration which it may be proper to-mention. The Little Miami is by statute declared to be a navigable river. Although in such case this court have decided, Gavit’s Adm’rs v. Chambers, 3 Ohio, 495, that the adjoining proprietor owns, for certain purposes, to the center of the river; yet it would seem, to be absurd that such proprietor should have an action against his neighbor, when that neighbor has done him no other injury than to raise the water in some small degree within the banks of the river, without doing him any actual damage.
Upon the whole, a majority of the court are of opinion that there was nothing erroneous in the charge of the court to the jury; the motion for a new trial must be therefore overruled, and judgment entered upon the verdict.